**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LAIXING WANG, | No. 13-72385 |
| Petitioner, | Agency No. A099-448-713 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 25, 2015[**]

Before:    McKEOWN, CLIFTON, and HURWITZ, Circuit Judges.

We grant respondent's motion to reinstate proceedings.

Laixing Wang, a native and citizen of China, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act, *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010), and we deny the petition for review.

Substantial evidence supports the BIA's adverse credibility determination based on Wang's vague testimony and inconsistencies between Wang's asylum application and his testimony regarding his alleged detentions and employment termination. *See id*. at 1048 (adverse credibility determination was reasonable under the "totality of circumstances"). Wang's explanations do not compel a contrary conclusion. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000). Substantial evidence also supports the BIA's determination that, even if Wang is Christian and practiced Christianity in the United States, he failed to establish a well-founded fear of persecution in China. *See Gu v. Gonzales*, 454 F.3d 1014, 1022 (9th Cir. 2006) (petitioner failed to present compelling objective evidence demonstrating a well-founded fear of future persecution.) Thus, Wang's asylum claim fails.

13-72385

Because Wang failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See Huang v. Holder*, 744 F.3d 1149, 1156 (9th Cir. 2014).

Finally, substantial evidence also supports the BIA's denial of CAT relief because Wang failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to China. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

**PETITION FOR REVIEW DENIED.**

13-72385